**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

AMERICAN FEDERATION OF TEACHERS,

Petitioners,

v.

UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION, and THE UNITED STATES,

Respondents.

No. __26-1278__________

**PETITION FOR REVIEW**

Petitioner American Federation of Teachers, AFL-CIO (AFT) hereby petitions this Court for review of the Federal Motor Carrier Safety Administration ("FMCSA")'s August 11, 2026, demand for driver records containing sensitive personal information (the "Data Demand"). A copy of the Data Demand is attached as Exhibit A.

This petition for review is protective in nature. In Petitioner's view, federal district courts have jurisdiction to review the Data Demand under 28 U.S.C. § 1331 and 5 U.S.C. § 701 et seq., and Petitioner has accordingly challenged Respondents' actions in federal district court. *See*

Complaint-in-Intervention, ECF 115, *Illinois v. U.S. Dep't of Transp.*, No. 1:26-cv-02547 (E.D. Va. filed Sept. 22, 2026). However, in the Eastern District of Virginia action, FMCSA has argued that exclusive jurisdiction to challenge the Data Demand lies with the federal courts of appeals pursuant to 28 U.S.C. § 2342(3)(A). While Petitioner disagrees, it nonetheless files this petition out of an abundance of caution to protect their right to judicial review in the event the district court is held to lack jurisdiction and this Court is held to be the proper forum.

Dated: October 7, 2026

Respectfully submitted,

/s/ *Adam R. Pulver*

Adam R. Pulver
Nandan M. Joshi
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Petitioner AFT*

## CORPORATE DISCLOSURE STATEMENT

In accordance with Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, Petitioner states as follows:

Petitioner American Federation of Teachers (AFT) is a membership organization representing 1.8 million pre-K through 12th-grade teachers, early childhood educators, paraprofessionals, and other school-related personnel; higher education faculty and professional staff; federal, state, and local government employees; and nurses and other healthcare professionals. AFT represents the interests of its members, including members whose information is the subject of the Data Demand. AFT is a nonprofit, non-stock corporation. It has no parent corporation, and no publicly traded corporation has an ownership interest in it of any kind.

/s/ *Adam R. Pulver*
Adam R. Pulver

## CERTIFICATE OF SERVICE

I certify that on October 7, 2026, I caused one copy each of the foregoing to be served by first-class U.S. mail, postage prepaid, on the following:

Greg Zerzan
General Counsel
U.S. Department of Transportation
1200 New Jersey Avenue SE
Washington, DC 20590

Rebecca Pettit
Office of the Chief Counsel
Federal Motor Carrier Safety Administration
U.S. Department of Transportation
1200 New Jersey Avenue SE
Washington, DC 20590

Todd Blanche
Attorney General of the United States
Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

American Association of Motor Vehicle Administrators
4250 Fairfax Drive, Suite 1000
Arlington, VA 22203

/s/ *Adam R. Pulver*
Adam R. Pulver

# **Exhibit A**

August 11, 2026

Data Demand

1200 New Jersey Avenue, SE
Washington, DC 20590

U.S. Department of Transportation
**Federal Motor Carrier Safety Administration**

August 11, 2026

Ian Grossman
American Association of Motor Vehicle Administrators
4250 Fairfax Drive, Ste 1000
Arlington, VA 22203

Mr. Grossman,

We have received your letter of August 7, 2026. The Department of Transportation ("DOT") has been committed to working with the American Association of Motor Vehicle Administrators ("AAMVA") to ensure the timely production of the pointer records DOT requested in its initial June 25, 2026, letter. In that spirit, DOT consulted with the Department of Justice and promptly provided the assurances AAMVA requested in its July 24 letter to "facilitate [its] compliance" with DOT's production request.

However, despite AAMVA's representations indicating a willingness to produce the requested records, including representing in its July 24 letter "an expectation of transfer on or around August 17," AAMVA's letter of August 7 reneges on its prior commitment to produce the records and instead intends to subject the matter to yet another board vote on August 14, at which it may, or apparently may not, decide to produce the records subject to "an opt in or opt-out choice by the states." That is unacceptable. States have no veto over the production of records that AAMVA is holding on DOT's behalf, that DOT has statutory authority and responsibility to maintain, and that are urgently needed for the federal government to help prevent fatal trucking accidents involving the many drivers to whom States have improperly issued Commercial Driver's Licenses. *See* 49 U.S.C. § 31309. This is not "state data," and State laws and choices cannot override DOT's statutory authority or AAMVA's obligation to produce DOT's own records to DOT.

Given your shift in position, DOT has no choice but to take immediate action to secure the production of the requested pointer records. Today, the Department of Homeland Security will reissue the administrative subpoena it previously withdrew. Unless AAMVA provides DOT with the requested records by August 17, DOT will pursue all available options to secure production, including canceling AAMVA's grants, filing an enforcement action to enforce the subpoena, and considering terminating its contract with AAMVA.

1200 New Jersey Avenue, SE
Washington, DC 20590

U.S. Department of Transportation
**Federal Motor Carrier Safety Administration**

We regret that AAMVA has reneged on its prior assurances of production by August 17, and hope that AAMVA will reconsider its position. In the event it does not, DOT will pursue all available options to obtain the records to which it is entitled.

Sincerely,

*Rebecca Pettit*

Rebecca Pettit
Chief Counsel