**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| American Federation of Teachers<br><br>Petitioner,<br><br>v.<br><br>United States Department of Transportation, Federal Motor Carrier Safety Administration, and The United States,<br><br>Respondents. | No. 26-1278 |

# AMERICAN ASSOCIAITON OF MOTOR VEHICLE ADMINISTRATORS' MOTION FOR LEAVE TO INTERVENE

Petitioner filed this protective Hobbs Act case to preserve their ability to seek judicial review if district court jurisdiction is later found lacking. Pet. 2–3. The American Association of Motor Vehicle Administrators (AAMVA) seeks leave to intervene of right as a respondent under Federal Rule of Appellate Procedure Rule 15(d).

1. AAMVA is the "authorized operator" of the Commercial Driver's License Information System (CDLIS). *See* 49 U.S.C. § 31309(d). CDLIS, as its name implies, gives states a way to share commercial-driver records. AAMVA facilitates this sharing by maintaining the "master pointer records" that allow states to locate records for out-of-state commercial drivers. These master pointer records contain personal data—including name, birth date, and social security number—for about 17 million drivers. But the underlying driver data belongs to the states.

In a letter dated August 11, 2026, the Federal Motor Carrier Safety Administration (FMCSA) told AAMVA to turn over all CDLIS master pointer records and threatened to cut all of its federal grants and contracts if it refused. Because the data in the master pointer records belonged to the states, AAMVA sought the states' permission to share it. But many states told AAMVA not to disclose their data. These competing instructions have put AAMVA in the middle of a dispute between the states that make up its membership and its long-time federal partners.

2. A group of states sued FMCSA, AAMVA, and other federal defendants in the United States District Court for the Eastern District of Virginia. *See Illinois v. U.S. Dep't of Transp.*, No. 1:26-cv-02547 (E.D. Va.). Petitioner American Federation of Teachers intervened in that case as a plaintiff. The district court issued a preliminary injunction blocking the federal defendants and AAMVA from turning over the master pointer records. The federal defendants have appealed that ruling, and a briefing schedule is forthcoming. *Illinois v. U.S. Dep't of Transp.*, No. 26-2491 (4th Cir.).

As the operator of CDLIS and the entity with access to the master pointer records, AAMVA is inescapably intertwined in this dispute. It wants to comply with the law and to protect itself from any liability while ensuring that CDLIS can function without interruption. To that end, AAMVA seeks to be a party to this case if it goes forward.

3. In the district court, the federal defendants have argued that the district court lacks jurisdiction under the Hobbs Act, 28 U.S.C. § 2342, and that challenges to FMCSA's actions should instead have filed in the court of appeals. AAMVA has not taken a position on that argument. But if the Fourth Circuit rules that the Hobbs Act applies, AAMVA would have a right to intervene in this Hobbs Act case as the party most directly affected by the challenged agency action.

Under the Hobbs Act, "any party in interest in the proceeding before the injury whose interests will be affected … may appear as parties thereto of their own motion and as of right." 28 U.S.C. § 2348. Here, FMCSA's request for master pointer records was made to AAMVA, which possesses the master pointer records and must turn them over if the demand is found lawful. FMCSA's threats to cancel contracts and end federal funding likewise targeted AAMVA. Those facts alone demonstrate that AAMVA's interests are at issue in this case.

Beyond its possession of the records at issue, AAMVA is interested in this case because it may face liability under state and federal laws limiting disclosure of private driver information, and under its contractual obligations to the states. At the same time, if AAMVA will be harmed if it loses the contracts and funding that allow it to maintain, operate, and upgrade CDLIS, as well as to hold events and trainings for state licensing agencies nationwide. Worse, CDLIS may go offline, creating a risk that drivers with safety-related suspensions or convictions are able to evade detection and obtain commercial licenses.

For all these reasons, AAMVA has concrete interests in this case that give it a statutory right to intervene and defend those interests. 28 U.S.C. § 2348.[1]

## CONCLUSION

The Court should grant AAMVA's motion to intervene.

Dated: November 5, 2026

Respectfully submitted,

*/s/ Jay C. Johnson*

Jay C. Johnson
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
jcjohnson@venable.com
202-344-4000

Kyle Keraga, pro hac vice
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202
kkeraga@venable.com
410-244-7400

Counsel for Intervenor
American Association of
Motor Vehicle Administrators

---

[1] Counsel for AAMVA contacted counsel for the parties in this case to determine their position on this motion. Petitioner has no objection to AAMVA's intervention motion. Respondents oppose the motion.

**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| American Federation of Teachers<br><br>Petitioner,<br><br>v.<br><br>United States Department of Transportation, Federal Motor Carrier Safety Administration, and The United States,<br><br>Respondents. | No. 26-1278 |

**AMERICAN ASSOCIAITON OF MOTOR VEHICLE ADMINISTRATORS' RULE 26.1 DISCLOSURE STATEMENT**

As required by D.C. Circuit Rule 26.1, counsel for proposed Intervenor American Association of Motor Vehicle Administrators (AAMVA) certifies that AAMVA is a nonprofit membership organization. AAMVA has no parent corporation. AAMVA does not issue securities or other ownership stakes to the public. Thus, no publicly traded corporation holds an ownership stake in AAMVA of 10% or more.

Dated: November 5, 2026

Respectfully submitted,

*/s/ Jay C. Johnson*
Jay C. Johnson
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
jcjohnson@venable.com
202-344-4000

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record in this case.


*/s/ Jay C. Johnson*
Jay C. Johnson
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
jcjohnson@venable.com
202-344-4000