# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| AMERICAN FEDERATION OF TEACHERS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION, and THE UNITED STATES,<br><br>Respondents. | No. 26-1278 |

## JOINT MOTION TO TRANSFER

Pursuant to the Court's inherent authority and 28 U.S.C. § 2112, Petitioner American Federation of Teachers (AFT) and Respondents United States Department of Transportation, Federal Motor Carrier Safety Administration, and the United States jointly move the Court to transfer AFT's Petition for Review to the United States Court of Appeals for the Fourth Circuit. In support of this motion, the parties state as follows:

1. This petition for review was filed on October 7, 2026. It seeks review of an August 11, 2026, letter issued by the Federal Motor Carrier Safety Administration (FMCSA), attached to the petition as Exhibit A.

2. Two days prior, on October 5, 2026, 24 States and the District of Columbia (the State Petitioners) filed a petition seeking review of the same letter in the United States Court of Appeals for the Fourth Circuit. *See State of Illinois v. United States Department of Transportation*, 4th Cir. No. 26-2407.

3. The petitioners in both cases indicated that their petitions were protective in nature. The August 11 letter is also the subject of claims brought by both the State Petitioners and AFT in the United States District Court for the Eastern District of Virginia. *See Illinois v. U.S. Dep't of Transp.*, No. 26-cv-2547 (E.D. Va.). There, the district court entered a preliminary injunction on September 17, 2026, and a stay pursuant to 5 U.S.C. § 705 on October 30, 2026. The Federal Defendants in that action have appealed both of those orders to the Fourth Circuit, which has consolidated the two appeals. *See Illinois v. U.S. Dep't of Transp.*, No. 26-2491 (L) (4th Cir.). In that case, the Federal Defendants have argued that exclusive jurisdiction to challenge the letter lies with

the federal courts of appeals pursuant to 28 U.S.C. § 2342(3)(A). In their respective petitions, both the State Petitioners and AFT noted that they seek to protect their rights to judicial review in the event that the Fourth Circuit concludes, in the appeals from the district court orders, that the district court lacked jurisdiction and that the courts of appeals are the appropriate forum to challenge the August 11 letter.

4. Under 28 U.S.C. § 2112(a)(5), "all courts in which proceedings are instituted with respect to the same order, other than the court in which the record is filed pursuant to [28 U.S.C. § 2112(a)]," must "transfer those proceedings to the court in which the record is so filed." Under 28 U.S.C. § 2112(a)(1), where petitions for review of a single agency action have been instituted in two or more courts of appeals more than ten days after that action has been taken, the agency is required to "file the record in the court in which proceedings with respect to the order were first instituted"—here, the Fourth Circuit.

5. On November 9, 2026, however, the Fourth Circuit granted the State Petitioners' unopposed motion to hold proceedings on their petition for review in abeyance (4th Cir. No. 26-2407), pending a decision by the Fourth Court in the related appeal (4th Cir. No. 26-2491).

Accordingly, the government does not anticipate filing the record in the Fourth Circuit pursuant to 28 U.S.C. § 2112(a)(1) before the Fourth Circuit lifts that abeyance.

6. By operation of 28 U.S.C. § 2115(a)(5), AFT's petition will be transferred from this Court to the Fourth Circuit after the government's filing of the record there. Although the abeyance has delayed the filing of the record, the parties agree that having both the States' petition and AFT's petition pending in the same Circuit during the pendency of the Fourth Circuit's abeyance in No. 26-2407 would serve both the interests of judicial economy and the convenience of the parties. Accordingly, because the States' petition in the Fourth Circuit was filed before AFT's petition in this Court, the parties request that this Court transfer this case to the Fourth Circuit so that it may be consolidated with the petition in No. 26-2407.

Dated: November 10, 2026

Respectfully submitted,

/s/ Adam R. Pulver
Adam R. Pulver
Nandan M. Joshi
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
apulver@citizen.org

*Counsel for Petitioner AFT*

ERIC D. MCARTHUR
*Deputy Assistant Attorney General*

THEOPHANI K. STAMOS
*First Assistant United States Attorney*

MATTHEW J. MEZGER
*Assistant United States Attorney*

BRAD HINSHELWOOD

*/s/ Simon G. Jerome*
SIMON G. JEROME
*Attorneys, Appellate Staff*
*Civil Division, Room 7209*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-1673*
*simon.g.jerome@usdoj.gov*

*Counsel for Respondents*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d)(2)(A), I hereby certify that the preceding motion complies with the type-volume limitation of the Rules, containing 654 words, excluding the parts of the document exempted by Federal Rules of Appellate Procedure 32(f). I further certify that the document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365, in 14-point Century Schoolbook.

/s/ *Adam R. Pulver*
Adam R. Pulver